Mr. Justice MacArthur
stated tbe case and delivered tbe opinion of the court :
This is a writ of certiorari to tbe Police Court. The petitioners for tbe writ set forth that they are detained and imprisoned in the jail of the District of Columbia under color of a pretended judgment and sentence of the Police Court of said District. They also allege that on October 25, 1877, they were convicted in said last-named court on three several informations charging them with three several larcenies, and sentenced to imprisonment for a period of one hundred and eighty days each on each of said informations. -They then aver that all of said larcenies were one act, done and committed at one place and one time; that the property alleged to have been stolen was the property of three several persons, but was altogether in one room and all taken by tire same act; that said larceny was illegally severed into three, by means whereof the petitioners were subjected to three times *371 as much imprisonmeut as the law awards for the alleged crime. They represent that they have now suffered the full term of one hundred and eighty days’ imprisonment, the period beyond which they cannot be detained.
The return to the writ consists of the informations and the convictions, but there is nothing on the face of this record to show that the goods stolen were all taken at the same time, or in a single transaction. The larceny is charged in each of the informations as if it had been a separate larceny, and nothing appeal’s to contradict this view, unless it is the fact that each information charges the goods to have been stolen on the same day. "We do not think that this circumstance alone is sufficient to show that the Police Court exceeded'the limits of its jurisdiction. We are, therefore, of opinion that the writ must be quashed. The matter set forth in the petition can more properly be examined on a writ of habeas corpus. The return of the officer can be controverted in that proceeding, and the petitioners will have the right to introduce such other facts and circumstances as may be material to their case. (R. S., sec. 760.) We think this is not the practice in a case of certiorari, where the question is to be decided upon the record alone, without the right of denying any of the facts it contains. This writ, however, might be used in aid of a habeas corpus, and then the record and circumstances could be brought fully before the court for its decision. The principle of law in the case was, however, discussed at large on the argument, and it has been suggested that an expression of opinion would be advisable with a view to the future practice. To meet this expectation we have carefully considered the question, and are prepared'to decide it.
All the judges who heard the argument are of opinion that where the larceny consists of a single act, and the stolen goods belong to different persons, it is unnecessary that there should be separate informations or indictments, and that in such case there can only be a single conviction and sentence. It is a rule of criminal pleading, that where several articles of property are stolen at the same time and place, the steal *372 ing constitutes but one offense and should be so charged in the indictment or information. It is regarded as a single act and the result- of one intention. I do not believe it is necessary to cite any authority in support of this familiar principle. Where the articles are stolen at different times, they are different acts of larceny, and may be charged as different offenses. “ But it seems that if the property of several persons, lying together in one bundle, or chest, upon the same table, or even in the same house, be stolen together at one time, the value of the whole may be put together, for such stealing is one entire felony.” (2 Bussell, 177.)
And to the same effect is 1 Hale P. C., 531, where the' author gives this illustration: “But it seems to-me that if, at the same time, he steals goods of A to the value of sixpence, goods of B to the value of sixpence, and goods of C to the value of sixpence, being, perchance, in one bundle, or upon a table, or in one shop, this is grand larceny, because it is one entire felony, done at the same time, though the persons had several properties; and, therefore, in one indictment they make grand larceny.” (See, also, 3 Chitty Cr. L., 959, in the note.) Now, if the petition, in this case truly avers that the larcenies set up in the three several informations were of goods stolen at the same time, and by the same act, and at the same place, although of different owners, then, according to this authority, such stealing is one entire larceny, and may therefore be embraced in the same information for the purpose of making a case of grand larceny and increasing the punishment. It appears from the certified copies of the in-formations that each charges only petit larceny, and the combined value of the goods alleged to have been stolen is not sufficient to make a case of grand larceny under our penal code. For a single act of petit larceny the defendants may be imprisoned at most for a period of six months, but because there were three several owners of the property they have been tried and punished three times for the same criminal act, and have been sentenced to imprisonment a whole year beyond the period prescribed by authority of law. We *373 cannot sanction this practice. We are referred to United States v. Beerman, 5 Cranch C. C. R., 412, where a majority of the late Circuit Court decide that if the goods of several persons are stolen at the same time, the stealing of each person’s goods constitutes a distinct offense, and may be the subject of a distinct and separate indictment. Chief Justice Cranch delivered the opinion of the court, and it was relied upon as showing the practice which has always prevailed in this District. I have carefully read the remai’ks of the learned chief justice. ■ The authorities which he cites, refer to cases of burglary, or are in regard to the construction of ancient English statutes. He also states that he had examined down to that time every case of larceny in the then county of Washington, and found only ten indictments charging in one count stealing the goods of several persons at the same time. There is a vigorous and earnest dissent by one of the three judges. We are unable to recognize that judgment as law, for it authorizes in the practice of this court the doctrine that for one offense a prisoner may be tried and punished three times, or as many times as there are distinct owners of goods stolen at the same time. To divide one larceny into several because there were several owners of the property, is contrary to the constitutional guaranty and the spirit of the common law; and if the statements in the petition are true, two of the convictions were wrong, and the prisoners should be discharged upon the expiration of the sentence on the first information.
An objection was urged that an information or indictment charging the stealing of the goods of different persons at the same time would be bad for duplicity. No objection of that kind would be available within the rule here laid down, provided the value and owner of each article were specifically set forth. (State v. Menill, 44 N. H., 524; State v. Daniels, 32 Miss., 558.) But where the indictment contains several counts, each stating a different owner for distinct portions of the goods taken at the same time, or where, as in this case, there are different informations, each containing an averment *374 of ownership for distinct parcels of the goods, there can be but one judgment and one term of imprisonment. ■
But for the reasons already stated, the writ may be quashed without prejudice to the right of the petitioners suing out a habeas corpus.